**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**MELVIN KIMBROUGH,**

           **Plaintiff,**

      v.                                                  9:13-CV-100
                                                                     (FJS/TWD)

**BRIAN FISCHER,** Commissioner of NYS
DOCCS; **ALBERT PRACK,** Acting Director
of S.H.U., DOCCS; **T. FAUSS,** Educational
Supervisor, C.H.O., Mohawk Correctional
Facility; **ABATE,** Lieutenant/Watch
Commander, Auburn Correctional Facility;
**J. HAI,** Correctional Officer, C.I.U.,
Auburn Correctional Facility; and
**MCCARTHY,** Captain, Acting Deputy
Superintendent of Security, Auburn
Correctional Facility,

           **Defendants.**

---

**APPEARANCES**                                    **OF COUNSEL**

**MELVIN KIMBROUGH**
New York, New York 10039
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**          **RACHEL M. KISH, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

In a Memorandum-Decision and Order dated February 18, 2016, the Court, among other

things, accepted Magistrate Judge Dancks' September 29, 2014 Report-Recommendation and Order and her October 21, 2014 Report-Recommendation and Order in their entirety, granted Plaintiff's motion for summary judgment with respect to his due process claims against Defendants Fauss and Prack and ordered the parties to file memoranda of law "addressing the issue of the appropriate relief that Plaintiff could receive on his due process claims against Defendants Fauss and Prack under the PLRA and the best method for determining that relief[.]" *See* Dkt. No. 73 at 26.

The parties have filed the required memoranda of law, *see* Dkt. Nos. 76, 81; and the Court now addresses the parties' arguments with regard to damages.

## II. DISCUSSION

As the Court noted in its February 18, 2016 Memorandum-Decision and Order, 42 U.S.C. § 1997e(e) provides that "'[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury. . . . ." *See* Dkt. No. 73 at 24 (quoting 42 U.S.C. § 1997e(e)). Furthermore, the Second Circuit has held that "to collect compensatory damages in an action brought pursuant to 42 U.S.C. § 1983, a plaintiff must prove more than a mere violation of his constitutional rights. He must also demonstrate that the constitutional deprivation caused him some actual injury." *McCann v. Coughlin*, 698 F.2d 112, 126 (2d Cir. 1983) (citations omitted). Therefore, in the absence of "a showing of causation and actual injury, a plaintiff is entitled only to nominal damages." *Miner v. City of Glens Falls*, 999 F.2d 655, 660 (2d Cir. 1993) (citations omitted).

Although § 1997e(e) "is a limitation on recovery of damages for mental and emotional injury

in the absence of a showing of physical injury, it does not restrict a plaintiff's ability to recover compensatory damages for actual injury, nominal or punitive damages, or injunctive and declaratory relief." *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002). By way of example, if a plaintiff can demonstrate actual injury, § 1997e(e) permits compensatory damages for the loss of the plaintiff's property. *See id.* at 418 (citing *Robinson v. Page*, 170 F.3d 747, 748 (7th Cir. 1999) (indicating in *dicta* that suit for damages resulting from prison officials' seizure of inmate's property without due process should not be dismissed merely because inmate alleges emotional suffering resulting from the same incident)).

Plaintiff argues that the Court should award him compensatory damages, punitive damages and injunctive relief as a result of Defendants Fauss and Prack's violation of his due process rights. *See, generally,* Dkt. No. 76. With regard to compensatory damages, Plaintiff seeks the following:

> $150.00, per day for the loss of 120 days good time, privileges and quality of his prison life living conditions, and loss of limited liberty enjoyed by prisoners in general population, resulting from his wrongful punitive confinement, in which he was confined (108 days of the 120 day sentence) for 24 hours a day with a cell mate, in a cell roughly 60 feet square . . ., loss of sleep due to light being on all night, and deprived most of his property, loss of C.P., loss of ability to work, attend educational . . . and vocational program, loss of wages, watch television, associate with other prisoners, attend outdoor recreation in a congregate setting with the ability to engage in sports, lift weights, and other recreational congregate activities, attend facility events and festivals, attend meals with other prisoners, attend religious services, prolonged confinement, loss of contact visitation, loss of telephone, packages, weight loss, stress, frustration, distrust toward staff, anger, thwarted his earned eligibility of being in a medium security facility . . ., loss of family reunion participation, loss money filed Article 78 . . ., cost for filing this action and loss of appetite.

*See* Dkt. No. 76 at 7 (internal footnote and citation omitted).

With regard to punitive damages, Plaintiff relies on his argument that Defendants Fauss's

and Prack's actions were arbitrary and capricious and caused him actual injury as a basis for his request that the Court should award him punitive damages. In particular, he argues that (1) Defendant Fauss was not a fair and impartial hearing officer, (2) Defendant Prack's duty to review Defendant Fauss's decision was unfair and partial, and (3) Defendant Fauss and Defendant Prack caused him actual injury. *See* Dkt. No. 76 at 4-7. Plaintiff states that he wants to hold Defendants Fauss and Prack "accountable for his wrongful confinement and prolonged confinement, where Plaintiff sufficiently exhibited that, defendants intended to confine him; he was conscious of the confinement; he did not consent to the confinement; thus the confinement was not otherwise privileged." *See id.* at 8 (citation omitted). Moreover, Plaintiff argues that the PLRA allows him to recover punitive damages for mental or emotional injuries. *See id.* at 9 (citations omitted).

Finally, Plaintiff argues that he is entitled to injunctive relief. *See id.* Specifically, Plaintiff requests that the Court order Defendant Prack to

> submit a memorandum to all DOCCS facilities putting DOCCS staff on notice that: A) Employees must follow their own rules and regulations, and if a prisoner can prove they [sic] received publication via media review process, facility library, they cannot be punished for possessing publication in question. However, in accordance to directive #4572, Part III(B) "out of good faith belief that publication already belonging to or in possession of an inmate violates one or more of the media review guidelines, said publication shall be confiscated and referred to the facility media review committee for review and decision". But if facility media review committee feel a portion or all contents is impermissible, prisoner shall reserve the option to send offense [sic] portion home, cut or destroyed, due to the fact those are the current available option [sic] of said directive, and per directive, no where do [sic] it state that prison officals [sic] can pursue disciplinary sanctions.

*See id.* at 10.

Plaintiff states that this injunctive relief would cure the problem because it would "allow[]

prison officials to do their jobs without offending prisoners fundamental constitutional guaranteed rights, in which all cited rules and regulations were created for to begin with." *See id.* Finally, Plaintiff asserts that he is asking the Court to require Defendant Prack to distribute this memorandum because Defendant Prack is "the central director of S.H.U. and disciplinary of DOCCS, and this being an ongoing issue of wrongful punishment to prisoners by prison officials, said distribution of memorandum is within his official capacity, with due respect to DOCCS Commissioner." *See id.* at 11.

Contrary to Plaintiff's arguments, Defendants assert that Plaintiff "has alleged no physical injuries here." *See* Dkt. No. 81 at 3 (citing Docket No. 73, pp. 24-25). Therefore, Defendants contend that, in the absence of any allegations of such injuries, Plaintiff "is barred from recovering damages for these alleged mental or emotional injuries." *See id.* (citing *Rahman v. Schriro*, 22 F. Supp. 3d 305, 317 (S.D.N.Y. 2014); *Yeldon v. Ekpe*, 159 Fed. Appx. 314, 316 (2d Cir. 2005)).

Furthermore, Defendants argue that a plaintiff must "'demonstrate actual injury to justify damages exceeding a nominal award.'" *See id.* (quoting *Kassim v. City of Schenectady*, 415 F.3d 246, 250 (2d Cir. 2005)). Defendants also note that, although Plaintiff makes a claim for the loss of 120 days of good time, he has already received this relief as a result of the Article 78 proceeding, in which "the Third Department expunged his record of the finding, and restored to him any 'good time taken' from him as a result." *See id.* (citing *Matter of Kimbrough v. Fischer*, 96 A.D.3d 1251, 1252 (3d Dep't 2012)).

Defendants also note that Plaintiff concedes that he was confined in S.H.U. for 108 days, not 120 days. *See id.* Therefore, Defendants argue that "[t]he actual injuries are . . . . limited to the value of 108 days of lost package, commissary and telephone access, and the value of 108 days of

decreased liberty, as he was already confined and had lost his liberty at the time he was sentenced to 120 days of time in the Special Housing Unit ("SHU")." *See id.* (footnote omitted). Defendants further claim that, because "'restrictive confinements of less than 101 days do not generally raise a liberty interest warranting due process protection,' and plaintiff served 108 days . . ., plaintiff's demand that he be compensated $150 per day for the time he served in SHU is unreasonable and excessive." *See id.* at 3 n.1 (internal quotation omitted).

Finally, Defendants argue that, although Plaintiff alleges a loss of property for which he seeks compensation, he does not state what items of property were confiscated from him and what he believes the value of those items is. *See id.* at 4 (citing Docket No. 76, p. 7). In addition, Defendants contend that, although Plaintiff alleges a loss of ability to work, he does not state what position he held or expected to hold. *See id.* (citation omitted). Defendants also note that, although Plaintiff alleges that he was denied contact visitations and/or family reunion participation, he does not state whether any of these types of visits were scheduled or how often they had regularly occurred. *See id.* (citation omitted). Lastly, Defendants assert that, although Plaintiff alleges a loss of ability to attend educational and vocation programs and lost wages, he does not state which courses he missed or was delayed in taking, whether he was able to take them once he was released from SHU, or the amount of wages he had been receiving. *See id.* Defendants argue that, "[w]ithout a more detailed claim, it is impossible for defendants to adequately respond or for this Court to evaluate what damages are appropriate, if any. [Thus,] [b]ased on the record before the Court, [Defendants argue that] the plaintiff has not demonstrated that he is entitled to anything other than nominal damages." *See id.*

With regard to punitive damages, Defendants assert that both Defendant Fauss and

Defendant Prack have "submitted sworn statements" that "evince good faith on the part of both." *See id.* at 6 (citing [Docket Nos. 47-4, 47-12]). In particular, Defendant Fauss avers that, "'[a]t all times in my dealings with plaintiff, I acted in a professional manner consistent with what I understood my obligations under state and federal law, as well as, department policy to be.'" *See id.* (quoting Docket No. 47-4, ¶ 11). Similarly, Defendant Prack avers that "'[m]y review of [Plaintiff]'s administrative appeal was undertaken carefully and in good faith.'" *See id.* (quoting Docket No. 47-12).

Defendants further argue that there is no indication that either Defendant Fauss or Defendant Prack acted with malice or engaged in the same or similar conduct in any other instances. *See id.* (citing Docket Nos. 1, 73, 76; *DiSorbo*, 343 F.3d at 186). Moreover, "[t]here is no violence, nor threat of violence, alleged here, let alone that which could cause serious physical injury." *See id.* (citing *Stampf*, 761 F.3d at 209) (other citation omitted). Defendants contend that, "[b]ased on the factors by which reprehensibility of conduct is to be measured, it cannot be maintained that [Defendants] Fauss' and Prack's acts or omissions warrant an award of punitive damages . . . ." *See id.* Finally, Defendants assert that, if "this Court chooses to impose punitive damages, it should be noted that the United States Supreme Court and the Second Circuit have stated that an award of punitive damages that is more than four times the amount of compensatory damages is constitutionally improper." *See id.* at 7 (citing *Thomas v. iStar Fin., Inc.*, 652 F.3d 141, 149 (2d Cir. 2010), *citing State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003)).

As Defendants correctly point out, Plaintiff has not alleged any physical injury related to the conduct of Defendants Fauss and Prack. Therefore, under the PLRA, he may not receive an award of compensatory damages for mental or emotional injury. *See* 42 U.S.C. § 1997e(e).

However, as noted, § 1997e(e) does not prevent Plaintiff from recovering compensatory damages for actual injury. *See Thompson*, 284 F.3d at 416. Although Plaintiff asserts a number of deprivations as a result of Defendants Fauss' and Prack's actions, such as loss of recreation, inability to attend religious services, loss of contact visitations, and loss of certain privileges, he does no allege, with any specificity, how any of these deprivations resulted in "actual injury" to him. Thus, the Court finds that, even viewing Plaintiff's allegations in the light most favorable to him, Plaintiff has not shown that he suffered any actual injury and, therefore, he is not entitled to an award of compensatory damages as a matter of law.

Section 1997e(e) also does not restrict Plaintiff's ability to recover nominal or punitive damages, or injunctive and declaratory relief. *See id.* at 416. With regard to the injunctive and declaratory relief that Plaintiff seeks, the Court finds that Plaintiff's claim for such relief is moot because Plaintiff is no longer incarcerated. *See Morgan v. Dzurenda*, No. 3:14-cv-966, 2015 WL 728523, *3 (D. Conn. Feb. 19, 2015) (citing *Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006); *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed")) (other citations omitted).

With regard to the issue of nominal damages, because the Court previously granted Plaintiff's motion for summary judgment, finding that Defendants Fauss and Prack violated his constitutional right to procedural due process, Plaintiff is entitled to recover nominal damages from Defendants as a matter of law. *See Robinson v. Cattaraugus Cnty.*, 147 F.3d 153, 162 (2d Cir. 1998) (citations omitted). The parties dispute the amount of nominal damages that Plaintiff should receive. Plaintiff asserts that he should receive nominal damages in the amount of $150.00 per day

for the 108 days he spent in SHU, a total of $16,200. On the other hand, Defendants argue that, because restrictive confinements of less than 101 days do not generally raise a liberty interest warranting due process protection, and Plaintiff served 108 days in SHU, his demand is unreasonable and excessive.

"The evaluation of the injury suffered by a plaintiff, unless damages have been liquidated or otherwise stipulated, is normally a question of fact to be decided by the factfinder after trial, not a matter for summary judgment." *Patterson v. Coughlin*, 905 F.2d 564, 570 (2d Cir. 1990) (citing *Larkins v. Oswald*, 510 F.2d 583, 589 (2d Cir. 1975) ("Particularly in a civil rights case the amount of damages is a question for the jury's determination.")) (other citations omitted).

In this case, both Plaintiff and Defendants requested a jury trial; and neither has waived their right to a jury. Therefore, unless the parties are willing to stipulate to the Court, rather than a jury, deciding the amount of nominal damages Plaintiff should recover, the Court cannot decide this issue. *See id.* at 570-71 (citations omitted). Of course, this does not preclude the parties' consensual resolution of the amount of nominal damages that Plaintiff should receive.

Finally, with respect to punitive damages, "such damages may be awarded under § 1983 when '"the defendant's conduct is shown to be motivated by an evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."'" *McMichael v. Pallito*, No. 1:09-CV-130, 2011 WL 1135341, *5 (D. Vt. Jan. 27, 2011) (quoting *Disorbo v. Hoy*, 343 F.3d 172, 186 (2d Cir. 2003) (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983))). In this case, there is no evidence of such intent or indifference on the part of either Defendant. Although Plaintiff asserts, in a conclusory manner, that Defendants were not fair and impartial and that their actions were arbitrary and capricious, such allegations in no way indicate that Defendants' conduct

was motivated by an evil motive or intent or that Defendants demonstrated a reckless or callous indifference to his constitutional rights. Accordingly, even when the Court views Plaintiff's allegations in a light most favorable to him, none of these allegations supports an award of punitive damages against either Defendant.

Accordingly, having reviewed the entire file in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's request for injunctive relief and for an award of punitive damages is **DENIED** as a matter of law; and the Court further

**ORDERS** that, because Defendants violated Plaintiff's constitutional right to procedural due process, Plaintiff is entitled to an award of nominal damages as a matter of law; and the Court further

**ORDERS** that, unless the parties consent to the Court, rather than a jury, determining the amount of nominal damages to award to Plaintiff or consensually resolve this issue, a jury trial will be held to determine the amount of nominal damages to award to Plaintiff as a result of Defendants' conduct. In this regard, the Court instructs the parties to notify the Court and the opposing party, or their counsel, **in writing** within **fourteen (14) days** of the date of this

Memorandum-Decision and Order whether they will waive their right to have a jury determine the amount of nominal damages to which Plaintiff is entitled as a result of Defendants' actions. Once the Court has received the parties' submissions, it will schedule a telephone conference to determine a date for the damages trial in this matter.[1]

**IT IS SO ORDERED.**

Dated: April 11, 2017
Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge

---

[1] If the parties reach an agreement about damages, they should advise the Court that they have done so and that, therefore, a trial will not be necessary.